IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RABBI K GARTH RICHARDSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT and MERRICK GARLAND, Attorney General,<br><br>    Defendants, | Case No. 21-CV-01254 |
| RABBI K RICHARDSON,<br><br>    Plaintiff,<br><br>v.<br><br>NAZIISM IN AMERICA, UNITED STATES DISTRICT COURT, and MERRICK GARLAND,<br><br>    Defendants | Case No. 21-CV-01255 |
| RABBI K GARTH RICHARDSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT, KU KLUX KLAN, and MERRICK GARLAND,<br><br>    Defendants | Case No. 21-CV-01256 |

Page 1 of 4

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On October 13, 2021, Plaintiff Rabbi K Richardson filed three complaints against the United States District Court, Merrick Garland, "Naziism in America," and the Ku Klux Klan.[1] In his complaints, he includes his summation of the history of the Nazi Party and the Ku Klux Klan. He also asserts a deprivation of his rights under 18 U.S.C. § 242. Along with the complaint, Richardson filed motions to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." Richardson has not completely satisfied this requirement, because he has not fully itemized his monthly expenditures.

Furthermore, Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Richardson's motions for IFP require the undersigned District Judge to

---

[1] If it was Richardson's intention to assert claims against the Court, under the common law Rule of Necessity, judges are not required to recuse cases, and indeed must not do so, if the case within their jurisdiction cannot be heard otherwise. *See U.S. v. Will*, 449 U.S. 200, 215 (1980); *see also Matter of Skupniewitz*, 73 F.3d 702, 705 n.2 (7th Cir. 1996).

closely review the allegations of his petitions. Richardson's claims fail this additional level of review.

Here, the fundamental problem is that Richardson's allegations are frivolous. Richardson's complaints include his summations of the history of the Nazi Party and the Ku Klux Klan. In his complaint in SDIL Case No. 21-CV-01254-SPM, he does allege a generalized deprivation of his rights under 18 U.S.C. § 242, but Richardson does no address how a private plaintiff may bring a civil cause of action under that statute or how that statute creates such a right of action either expressly or impliedly. Nothing in these filings brings a cognizable case or controversy before this Court to address.

When a plaintiff repeatedly files similar frivolous litigation, as Richardson has done here, the Court finds it unnecessary to grant leave to refile an amendment. The Court is not required to allow frivolous litigation to bog down the judiciary. *See e.g. Walton v. Walker,* 364 Fed. App'x 256, 257-58 (7th Cir. 2010) (affirming dismissal with prejudice of plaintiff's sprawling 82-page complaint considering his history of meritless litigation), *see also Chung v. KPMG LLP,* 104 Fed. App'x 576, 577 (7th Cir. 2004) (dismissal with prejudice was warranted when plaintiff had a history of redundant and frivolous filings). In fact, Richardson should be warned that he is walking on a razor's edge by filing complaints like these. The United States Supreme Court has gone so far in the past as to ban *pro se* litigants from making future filings where they have exhibited a pattern of frivolous and redundant litigious conduct. *Vey v. Clinton*, 520 U.S. 937, 937-38 (1997) (denying a *pro se* litigant IFP status and banning her from making future filings without paying the fee when she had filed 26 frivolous claims over 6.5 years regarding the actions of various government entities and actors).

CONCLUSION

Accordingly, Richardson's Motions to Proceed IFP are **DENIED**, and his complaints are **DISMISSED with prejudice**. All pending motions are **DENIED as MOOT**. The Clerk of Court shall close these cases and enter judgment accordingly.

ADDITIONAL SANCTION WARNING

As noted above, Richardson has filed three frivolous lawsuits. He has forced the Court to waste its limited and valuable resources reviewing his indecipherable filings and contemplating what to do with them. Litigants with legitimate claims and defenses are left to bear the burden of the resulting delays.

Richardson's frivolous filings in this district violate Federal Rule of Civil Procedure 11(b), which prohibits filings that are factually or legally frivolous. A litigant's conduct in violation of Rule 11(b) warrants sanctions under Rule 11(c) after the litigant is given a reasonable opportunity to respond.

The Court now **WARNS** Richardson that if he again files a frivolous lawsuit, the Court will impose an appropriate financial sanction pursuant to Federal Rule of Civil Procedure 11 and will bar him from filing anything more until he pays that sanction. *See Support Syst. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS SO ORDERED.**

**DATED:   November 15, 2021**

                                                                  *s/ Stephen P. McGlynn*
                                                                  **STEPHEN P. McGLYNN**
                                                                  **U.S. District Judge**